*E-FILED: December 7, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHLEEN JACKSON,<br><br>        Plaintiff,<br>  v.<br><br>ANDREW FRANK; ET AL.,<br><br>        Defendants.<br>_____/ | No. C12-03975 HRL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Dkts. 3, 5]** |

      Plaintiff Kathleen Jackson ("Plaintiff" or "Jackson") brings suit over the poor health of a horse she purchased for her daughter. Jackson, a California resident, purchased the horse from defendant Andrew Frank, a resident of Kentucky. Defendant Dr. Wesley Sutter, a veterinarian who also resides in Kentucky, conducted a pre-purchase examination. Jackson purchased the horse from Frank through a series of online and telephone communications. When the horse arrived in California it was in very poor health, contrary to representations made by both Frank and Sutter ("Defendants"). Jackson brings breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, unjust enrichment, negligence, and negligent misrepresentation claims against Defendants.

      Sutter removed this suit from Monterey County Superior Court. Before the Court are Plaintiff's motion for remand and Sutter's motion to dismiss on grounds of improper venue. The Court held a hearing on these matters on October 9, 2012. Based on the written submissions of the parties and the arguments made at the hearing, the Court grants Plaintiff's motion to remand and denies the motion to dismiss as moot.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint on diversity or federal question grounds. 28 U.S.C. § 1441. Diversity jurisdiction exists in a suit between citizens of different states only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 USC § 1332 (a). The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *Lewis v. Verizon Communications, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010).

Plaintiff's motion for remand effectively forces defendant – the party who invoked the federal court's removal jurisdiction – to prove by a preponderance of evidence whatever is necessary to support the petition.: e.g., the existence of diversity, the amount in controversy, or the federal nature of the claim. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566. Evidence a court may consider includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F. 3d 1089, 1090 (9th Cir. 2003). Courts construe the diversity statutes strictly. Any doubt as to whether jurisdiction exists is normally resolved against a finding of jurisdiction. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1092 (9th Cir. 1983); *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992) ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

Here, the parties are diverse but the amount in controversy does not exceed $75,000. In her verified complaint, Plaintiff alleges that she paid $20,000 for the horse, plus $1,000 in shipping fees. She also spent $2,000 in training costs. The prayer for relief does not specify a monetary amount but asks for an amount to be proved at trial, plus punitive damages and attorney fees. At the hearing on this motion, counsel for Plaintiff conceded that no contract or statute supports the request for attorney fees. Counsel for Plaintiff also stated on the record that Plaintiff is seeking no more than $75,000.

Sutter's opposition to the motion to remand rests on his position that punitive damages in this case could raise the sum identified in the complaint -- $23,000 -- to an amount greater than $75,000. When a punitive damages claim makes up the bulk of the amount in controversy, the court will "scrutinize that claim closely" to be certain jurisdiction exists. *Anthony v. Security Pac. Fin'l*

*Services, Inc.*, 75 F. 3d 311, 315 (7th Cir. 1996). Courts increasingly view punitive damages claims with skepticism, especially if asserted for the apparent purpose of meeting the jurisdictional minimum. *See State of Missouri ex rel. Pemiscot County, Mo. v. Western Sur. Co.*, 51 F. 3d 170, 173 (8th Cir. 1995). To establish punitive damages, defendants may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002).

As Sutter's speculation over the amount and availability of punitive damages in this case is at odds with Plaintiff's representations at the hearing and the facts of the case as presented to the Court by these parties, the Court grants Plaintiff's motion to remand. Sutter did not carry his burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. Although he cites to a case with similar facts where a prayer for punitive damages survived the pleading stage, he provides no evidence that an award of punitive damages would satisfy the jurisdictional amount in this case. Nor has he convinced the Court that compensatory damages would satisfy this threshold. In light of the ruling on Plaintiff's motion for remand, Sutter's Motion to Dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated: December 7, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1 **C 12-03975 HRL Notice will be electronically mailed to:**

2 Michael Biggs    michaelbiggs@biggslawoffices.net
Cherie Edson    edson@lbbslaw.com
3 Reuben Jacobson    jacobson@lbbslaw.com

4 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**